IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALIMORE DIVISION

| | |
|---|---|
| EDWARD G. RAHLL & SONS, INC.<br>Maryland Wholesale Produce Market<br>Unit 36-38-40<br>Jessup, MD 20794<br>Howard County<br><br>          Plaintiff,<br><br>  v.<br><br>EVERFRESH FARMS, LLC<br>1104 Grist Court<br>Fallston, MD 21047<br>Harford County<br><br>Serve on:<br>Emmanuel Toutsis, Reg. Agent<br>1104 Grist Court<br>Fallston, MD 21047<br><br><br>EMMANUEL TOUTSIS<br>1104 Grist Court<br>Fallston, MD 21047<br>Harford County<br><br>and<br><br>ANGELO TOM TOUTSIS<br>913 Judith Lane<br>The Villages, Florida 32163<br><br>          Defendants.<br>_____/ | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:  Civil No. _____<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

# COMPLAINT
**(To Enforce Payment From Produce Trust)**

Plaintiff, Edward G. Rahll & Sons, Inc. ("Rahll"), through its undersigned counsel, for its complaint against Defendants, Everfresh Farms, LLC ("Everfresh"), Emmanuel Toutsis, and Angelo Tom Toutsis ("Angelo Toutsis") states and alleges:

- 1 -

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this action under Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e(c)(5) ("PACA"), 7 U.S.C. § 499(e)(b), and 28 U.S.C. § 1331. Personal jurisdiction exists over each Defendant as they transact business in this district and have sufficient minimum contacts such that this proceeding does not offend traditional notions of fair play and justice.

2. Venue in this District is proper under 28 U.S.C. § 1391 because Plaintiff's claims arose in this District.

## PARTIES

3. Plaintiff Rahll is a Maryland corporation with its office and principal place of business at the Maryland Wholesale Produce Market, Units 36-38-40, Jessup, Maryland 20794. Rahll is engaged in the business of selling wholesale quantities of perishable agricultural commodities ("Produce") and is licensed as a dealer under PACA.

4. At all times relevant hereto, Everfresh was and is a Maryland limited liability company with a principal place of business located at 1104 Grist Court that was and is engaged in the business of buying wholesale quantities of Produce in interstate commerce, and that was operating subject to license as a dealer under PACA.

5. Upon information and belief, Defendant Emmanuel Toutsis is was at all relevant times an officer, member, and/or manager of Everfresh during the period of time in question, who controlled the operations of Everfresh and is and was in a position of control over, and participated in the dissipation of, the PACA trust assets belonging to Plaintiff. Upon further information and belief, Defendant Emmanuel Toutsis resides in Fallston, Maryland.

6.  Upon information and belief, Defendant Angelo Toutsis was at all relevant times an officer, member, and/or manager of Everfresh during the period of time in question, who controlled the operations of Everfresh and is and was in a position of control over, and participated in the dissipation of, the PACA trust assets belonging to Plaintiff.  Upon further information and belief, Defendant Angelo Toutsis resides in The Villages, Florida.

## ALLEGATIONS COMMON TO ALL COUNTS

7.  This action is brought to enforce the trust provisions of the PACA, 7 U.S.C. § 499e(c).

8.  Plaintiff sold and delivered in excess of 2,000 pounds of Produce to Everfresh on multiple days, including but not limited to May 17, 2025 and May 28, 2025.

9.  Between May 17, 2025 and July 12, 2025, Plaintiff sold and delivered to Everfresh wholesale quantities of Produce that had been shipped in interstate commerce or contemplation thereof having a value of $77,346.75, with all sales being on credit terms.

10. At the time Defendant Everfresh received and accepted the Produce, Plaintiff became a beneficiary in a statutory trust under PACA ("PACA Trust"), which is designed to assure payment to produce suppliers and which consists of all Produce or Produce-related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of Defendants, as well as all sums owed in connection with the Produce transactions.

11. Plaintiff timely preserved its interest in the PACA Trust in the principal amount of $77,346.75 by delivering to Everfresh invoices or other billing statements ("Invoices") containing the requisite statutory language, and Plaintiff remains a beneficiary thereof until full payment is made for the Produce and sums owed in connection with the Produce transactions.

12. Defendants have not disputed the debt owed to Plaintiff in any way but despite demand for payment, have failed to pay in full for the Produce sold by Plaintiff when payment was due, and presently owe Plaintiff the principal amount of $77,346.75 under the PACA Trust.

13. Plaintiff remains a beneficiary of the PACA Trust until full payment is made for the Produce.

14. Everfresh is a trustee of the PACA Trust it is required to hold for the benefit of Plaintiff.

15. Defendants Emmanuel Toutsis and Angelo Toutsis owe fiduciary obligations to Plaintiff by virtue of their respective roles at Everfresh and exercise of control over the assets and operations of Everfresh.

16. Pursuant to PACA, Defendants are required to maintain the PACA Trust so that the assets are freely available to pay their produce suppliers and to make full payment promptly.

17. Defendants' failure and apparent inability to pay Plaintiff demonstrates that Defendants are failing to maintain sufficient assets in the statutory trust to pay Plaintiffs and are dissipating trust assets.

## COUNT ONE
### (Injunctive Relief – All Defendants)

18. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 17 above as if fully set forth herein.

19. Defendants' failure to make payment to Plaintiff of trust funds in the principal amount of $77,346.75 from the statutory trust is a violation of PACA and PACA regulations and is unlawful.

20. Pursuant to PACA and the prevailing cases, Plaintiff is entitled to injunctive relief against Defendants, enjoining and restraining them and their agents from further dissipating trust assets belonging to Plaintiff, and requiring the turnover to Plaintiff of PACA Trust funds in the possession of third parties.

WHEREFORE, Plaintiff demands preliminary and permanent injunctions enjoining and restraining Defendants and their agents from further dissipating trust assets belonging to Plaintiff and requiring the turnover to Plaintiff of PACA Trust funds in the possession of third parties.

### COUNT TWO
### (Failure to Pay Trust Funds – All Defendants)

21. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 20 above as if fully set forth herein.

22. Defendants received all of the Produce on which this action is based.

23. Defendants have failed to pay Plaintiff for the Produce that they received from Plaintiff.

24. Defendants' continuing failure to make payment to Plaintiff of trust funds in the principal aggregate amount of $77,346.75 violates PACA and PACA regulations.

25. As a direct and proximate result of these Defendants' continuing violations of PACA and PACA regulations, Plaintiff has suffered, and is continuing to suffer, damages in the principal amount of $77,346.75, plus interest from the date the Plaintiff's invoices became past due, costs and attorneys' fees.

26. As a further result of Defendants' above-stated actions, it has been necessary for Plaintiff to obtain the services of legal counsel to prosecute this action, and Plaintiff is entitled to reimbursement for those attorneys' fees and costs that have been reasonably incurred.

WHEREFORE, Plaintiff demands judgment against Defendants enforcing payment from the PACA Trust by ordering Defendants to pay Plaintiff the principal amount of $77,346.75, plus interest, costs, attorneys' fees, and any other relief deemed just and owing.

### COUNT THREE
### (Failure to Pay Promptly – All Defendants)

27. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 26 above as if fully set forth herein.

28. Defendants received all of the Produce on which this action is based.

29. Defendants have failed and refused to pay for the Produce within the period required by 7 C.F.R. § 46.2(aa)(5).

30. As a direct and proximate result of Defendants' failure to pay promptly, Plaintiff has incurred damages in the principal amount of $77,346.75, plus interest from the date the Plaintiff's invoices became past due, costs and attorneys' fees.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in the aggregate principal amount of $77,346.75, plus interest, costs, attorneys' fees, and any other relief deemed just and owing.

## COUNT FOUR
### (Breach of Contract -- Failure to Pay For Goods Sold – Everfresh)

31. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 30 above as if fully set forth herein.

32. Everfresh received and accepted the Produce sold by Plaintiff.

33. Everfresh received Plaintiff's Invoices without objection on or about the dates indicated on the faces of the invoices.

34. Plaintiff's Invoices constitute valid and enforceable agreements between the parties.

35. Everfresh breached the terms of the Invoices by failing to timely remit payment for the Produce it received from Plaintiff.

36. Plaintiff has performed all of the duties, obligations, and conditions precedent on its part to be performed under the Invoices.

37. As a direct and proximate result of the breach of contract by Everfresh, Plaintiff has suffered damages in the principal amount of $77,346.75, plus interest, costs, and attorneys' fees.

WHEREFORE, Plaintiff demands judgment against Everfresh for damages in the principal amount of $77,346.75.00, plus interest, costs, attorneys' fees, and any other relief deemed just and owing.

## COUNT FIVE
### (Unlawful Dissipation of Trust Assets and Breach of Fiduciary Duty by a Company Official – Emmanuel Toutsis)

38. Plaintiff incorporates each and every allegation set forth in paragraph 1 to 37 above as if fully set forth herein.

39. Defendant Emmanuel Toutsis is and was an officer, member, and/or manager who operated Everfresh during the period of time in question and prior thereto, and, upon information and belief, is and was in a position of control over the PACA trust assets belonging to Plaintiff.

40. As an officer, member, and/or manager of Everfresh, Emmanuel Toutsis knew of and had full responsibility for Everfresh's operations and financial dealings.

41. As an officer, member, and/or manager of Everfresh, Emmanuel Toutsis had a fiduciary duty to ensure that Everfresh fulfilled its obligations and duties as a PACA trustee.

42. Everfresh breached its fiduciary duties as PACA trustee by failing to maintain sufficient PACA trust assets to pay all PACA Trust claims when they became due.

43. Emmanuel Toutsis breached his fiduciary duties by failing to direct and ensure Everfresh fulfilled its statutory duties to preserve PACA Trust assets and pay Plaintiff for the Produce supplied.

44. Emmanuel Toutsis knew or should have known that Everfresh was in breach of the PACA Trust.

45. Defendant Emmanuel Toutsis' failure to direct Everfresh to maintain the PACA Trust assets and pay Plaintiff for the Produce supplied was a breach of fiduciary duty and an unlawful dissipation of trust assets by a company official.

46. Defendant Emmanuel Toutsis participated in the breach of fiduciary duty owed to Plaintiff by Everfresh.

47. As a result of Emmanuel Toutsis' breach of fiduciary duties and unlawful dissipation of trust assets, Plaintiff has been deprived of its rights as a beneficiary in the PACA Trust and incurred damages in the principal amount of $77,346.75, plus interest, attorneys' fees, and costs.

WHEREFORE, Plaintiff requests judgment against Defendant Emmanuel Toutsis in favor of Plaintiff in the principal amount of $77,346.75 plus interest, costs, attorneys' fees, and any other relief deemed just and owing.

### COUNT SIX
### (Unlawful Dissipation of Trust Assets and Breach of Fiduciary Duty by a Company Official – Angelo Toutsis)

48. Plaintiff incorporates each and every allegation set forth in paragraph 1 to 47 above as if fully set forth herein.

49. Defendant Angelo Toutsis is and was an officer, member, and/or manager who operated Everfresh during the period of time in question and prior thereto, and, upon information and belief, is and was in a position of control over the PACA trust assets belonging to Plaintiff.

50. As an officer, member, and/or manager of Everfresh, Angelo Toutsis knew of and had full responsibility for Everfresh's operations and financial dealings.

51. As an officer, member, and/or manager of Everfresh, Angelo Toutsis had a fiduciary duty to ensure that Everfresh fulfilled its obligations and duties as a PACA trustee.

52. Everfresh breached its fiduciary duties as PACA trustee by failing to maintain sufficient PACA Trust assets to pay all PACA Trust claims when they became due.

53. Angelo Toutsis breached his fiduciary duties by failing to direct and ensure Everfresh fulfilled its statutory duties to preserve PACA Trust assets and pay Plaintiff for the Produce supplied.

54. Angelo Toutsis knew or should have known that Everfresh was in breach of the PACA Trust.

55. Defendant Angelo Toutsis' failure to direct Everfresh to maintain the PACA Trust assets and pay Plaintiff for the Produce supplied was a breach of fiduciary duty and an unlawful dissipation of trust assets by a company official.

56. Defendant Angelo Toutsis participated in the breach of fiduciary duty owed to Plaintiff by Everfresh.

57. As a result of Angelo Toutsis' breach of fiduciary duties and unlawful dissipation of trust assets, Plaintiff has been deprived of its rights as beneficiaries in the PACA Trust and incurred damages in the principal amount of $77,346.75, plus interest, attorneys' fees, and costs.

WHEREFORE, Plaintiff requests judgment against Defendant Angelo Toutsis in favor of Plaintiff in the principal amount of $77,346.75 plus interest, costs, attorneys' fees, and any other relief deemed just and owing.

## COUNT SEVEN
### (Interest and Attorneys' Fees)

58. Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 57 above as if fully set forth herein.

59. PACA and the Invoices at issue entitle Plaintiff to recover interest against Defendants at a rate of 18% per annum.

60. PACA and the Invoices at issue entitle Plaintiff to recover costs and attorney's fees in the event that Defendants violate their obligations by failing to pay Plaintiff for the Produce sold to Everfresh.

WHEREFORE, Plaintiff demands judgment against all Defendants, jointly and severally, for prejudgment interest at the rate of eighteen percent (18%) per annum, and costs and reasonable attorneys' fees incurred.

Dated this 1st day of August, 2025.                Respectfully submitted,

                                                                          McCARRON & DIESS

                                                                          By:/s/ Mary Jean Fassett
                                                                           Louis W. Diess (Bar No. 10812)
                                                                           Mary Jean Fassett (Bar No. 08618)
                                                                           Blake A. Surbey (Bar No. 29870)
                                                                           4530 Wisconsin Ave., NW, Suite 301
                                                                           Washington, D.C. 20016
                                                                           (202) 364-0400
                                                                           (202) 364-2731 fax
                                                                           ldiess@mccarronlaw.com
                                                                           mjf@mccarronlaw.com
                                                                           bsurbey@mccarronlaw.com

                                                                          *Counsel for Plaintiff*